UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOHN DOE**,  )<br>  )<br>         *Petitioner*,  )<br>  )<br>    v.  )<br>  )<br>  )<br>**CALEB VITELLO**, Acting Director, United States  )<br>Immigration and Customs Enforcement;  )<br>**PATRICIA HYDE**, Field Office Director, Enforcement  )<br>and Removal Operations, Boston Field Office, United  )<br>States Immigration and Customs Enforcement;  )<br>**PETER KOUTOUJIAN**, Sheriff, Middlesex Sheriff's  )<br>Office; and  )<br>**JOSEPH MCDONALD**, Sheriff, Plymouth County  )<br>Correctional Facility.  )<br>  )<br>         *Respondents.*  )<br>  ) | **PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM OR AD TESTIFICANDUM**<br><br>Civil Action No. ____ |

### INTRODUCTION

1. Petitioner John Doe ("Petitioner") is a United States Immigration and Customs Enforcement ("ICE") detainee who seeks to attend his Massachusetts state court criminal proceeding.

2. On April 8, 2024, ICE detained John Doe and held him at the Plymouth County Correctional Facility ("Plymouth"). Although a Massachusetts court issued a writ of habeas corpus directing that John Doe be brought to his criminal trial on January 27, 2025, neither ICE nor any other law enforcement entity brought him from Plymouth to the Waltham District Court. John Doe's next criminal court date is scheduled for April 10, 2025. John Doe therefore seeks a writ of habeas corpus *ad prosequendum* or,

1

alternatively, a writ of habeas corpus *ad testificandum*, or other order, to secure his appearance.

3. Before his arrest by ICE, John Doe was charged with operating under the influence of intoxicating liquor, negligent operation of a motor vehicle, marked lanes violation on the Mass Pike, unlicensed operation of a motor vehicle, and leaving the scene of property damage in the Waltham District Court. John Doe wishes to appear in the Waltham District Court to defend himself against these charges, including on the ground that a language barrier impeded his understanding at the time of arrest.

4. John Doe's trial was scheduled to occur on January 27, 2025. The Waltham District Court issued a writ of habeas corpus ordering the Sheriff of Middlesex County to arrange for John Doe's presence at trial. The writ was sent to ICE. However, neither federal immigration authorities nor the Sheriff of Middlesex County brought John Doe from Plymouth to the Waltham District Court. Consequently, John Doe could not proceed at trial as scheduled. If John Doe fails to appear for his upcoming trial date, the Waltham District Court may default him and issue a warrant.

5. John Doe is powerless to contest or resolve the pending criminal charges unless federal and state authorities arrange for his transportation to the Waltham District Court. Meanwhile, John Doe is triply prejudiced by the pendency of the criminal proceedings against him: (1) the Immigration Court denied John Doe release on bond, likely due to the pending charges; (2) the pending charges can foreclose John Doe's chances for obtaining asylum as relief from removal, since it impacts whether he merits a favorable exercise of discretion; and (3) if John Doe is removed while the charges are still pending,

he will not have an opportunity to resolve the charges against him and therefore he may never be permitted to return to the United States.

6. The federal courts are empowered to issue a writ of habeas corpus *ad prosequendum* or *ad testificandum*, or other order, in aid of the state writ issued by the Waltham District Court. Accordingly, John Doe requests that this Court issue such writ or other order to require Respondents to transport him to his jury trial on April 10, 2025 at the Waltham District Court. John Doe further requests an order requiring Respondents to make all appropriate arrangements for his continued presence in Massachusetts until his proceedings at the Waltham District Court are resolved. John Doe has no objection to any writs or orders being conditioned on his being physically returned to ICE at the conclusion of his Massachusetts proceedings, which is consistent with the terms of the writs issued by the Waltham District Court.

## PARTIES

7. Petitioner John Doe ("Petitioner") was arrested by ICE at the Waltham District Court on April 8, 2024. Prior to his arrest and detention by ICE, John Doe resided in Malden, Massachusetts. ICE detained John Doe at Plymouth, where he is presently detained.

8. Respondent Caleb Vitello is the ICE Acting Director and is a legal custodian of John Doe. Respondent Vitello is named in his official capacity only.

9. Respondent Patricia Hyde is the Field Office Director of ICE's Enforcement and Removal Operations ("ERO") Boston Field Office and is responsible for the detention of noncitizens within the Office's area of responsibility, including Massachusetts. The Boston Field Office is located at 1000 District Avenue, Burlington, MA 01803. Respondent Hyde is named in her official capacity only.

10. Respondent Peter Koutoujian is the Sheriff of the Middlesex Sheriff's Office. The Middlesex Sheriff's Office is located at 12 Gill Street, Suite 4700, Woburn, MA 01801. Respondent Koutoujian is named in his official capacity only.

11. Respondent Joseph McDonald is the Sheriff of Plymouth County Correctional Facility and is John Doe's immediate physical custodian. Plymouth County Correctional Facility is located at 26 Long Pond Road, Plymouth, MA 02360. Respondent McDonald is named in his official capacity only.

## JURISDICTION AND VENUE

12. The U.S. District Court for the District of Massachusetts has jurisdiction and venue to issue a writ of habeas corpus *ad prosequendum* or *ad testificandum* in aid of a writ issued by the Massachusetts courts for an appearance in a state proceeding. *See* 28 U.S.C. § 2241(c)(5); *Barber v. Page*, 390 U.S. 719, 724 (1968); *Carbo v. United States*, 364 U.S. 611, 612-22 (1961); *see also* 28 U.S.C. §§ 1331, 1651.

## FACTS

**I. John Doe entered the United States seeking asylum.**

13. John Doe was born in Brazil and first entered the U.S. in July of 2022. *See* Declaration of John Doe ("Exhibit 1") at ¶ 10. He is an openly bisexual man who was ostracized from his community and faced explicit threats of violence due to his sexual orientation while in Brazil. *See id*. However, due to the language barrier, he was not able to communicate his fear of returning to Brazil and ICE deported him without a chance to apply for asylum. *See id*.

4

14. Desperate to escape persecution in Brazil, he paid a Coyote to help him re-enter the U.S. in February of 2023. *See id*. at ¶ 12. He did not file for asylum within the one year deadline due to difficulty communicating in English, lack of knowledge of the legal process, and diagnosed Post Traumatic Stress Disorder and Major Depressive Disorder stemming from the traumatic events he faced in Brazil. *See* Pre-Trial Brief ("Exhibit 2").

15. John Doe has strong family ties to the U.S. Two of his cousins reside in Massachusetts, one of whom is more than willing to house and support him should he be released from detention. *See* Letter of Support from PC ("Exhibit 3") at ¶ 4; Letter of Support from PCMC ("Exhibit 4").

16. John Doe also has substantial support in the community, in part due to his strong work ethic. A letter of support has been submitted by his former employer in the U.S., who can attest to his positive contributions to the community. *See* Letter of Support from CDS ("Exhibit 5") at ¶ 5.

**II. ICE detained John Doe while he faced pending criminal charges.**

17. John Doe was arrested on April 8, 2024 and a complaint was issued in the Waltham District Court. *See* Waltham District Court Docket Information ("Exhibit 6"). The charges against John Doe are: operating under the influence of intoxicating liquor in violation of Massachusetts General Laws c. 90, § 24(1)(a)(1); negligent operation of a motor vehicle in violation of Massachusetts General Laws c. 90, § 24(2)(a); marked lanes violation on the Mass Pike in violation of Massachusetts Regulation 700 CMR, § 7.09(8); unlicensed operation of a motor vehicle in violation of Massachusetts General Laws c. 90, § 10; and leaving scene of property damage in violation of Massachusetts General Laws c. 90, § 24(2)(a). *See id.*

18. On April 8, 2024, ICE arrested John Doe, put him into removal proceedings, and detained him at Plymouth, where he now remains. *See id.* He filed a *pro se* application for asylum on May 29, 2024 and, after securing *pro bono* counsel, sought a brief continuance in order for counsel to adequately prepare to represent him at a merits hearing. *See* Application for Asylum, Withholding of Removal, and Relief Under the Convention Against Torture ("Exhibit 7"); Motion to Continue ("Exhibit 8"). His merits hearing began on November 22, 2024. *See* Hearing Notice ("Exhibit 9"). Due to the number of witnesses, the merits hearing could not conclude on that date. The next merits hearing is scheduled for March 19, 2025. *See id.*

**III. Respondents have not brought John Doe to court notwithstanding the Waltham District Court's writ of habeas corpus requiring John Doe's appearance at his criminal proceedings.**

19. John Doe's criminal trial was scheduled for January 27, 2025 at the Waltham District Court. *See* Exhibit 6.

20. The Waltham District Court issued a writ of habeas corpus to Plymouth on November 18, 2024 to secure John Doe's appearance for trial. *See id.* The writ also directed the Sheriff of Middlesex County to arrange for John Doe's presence in court. *See id.* The Waltham District Court docket indicates that a form was generated and was sent that same day. *See id.*

21. Neither ICE nor the Sheriff of Middlesex County transported John Doe to his January 27, 2025 proceedings at the Waltham District Court in accordance with the Waltham District Court's writ, nor did either seek relief from the court's order. *See* Declaration of Kevin Dwyer, Esq. ("Exhibit 10").

22. The Waltham District Court has rescheduled John Doe's trial for April 10, 2025. *See*

6

Exhibit 6.

23. The Waltham District Court issued a writ of habeas corpus on January 27, 2025 requiring John Doe's presence for his trial scheduled on April 10, 2025 and for the Sheriff of Middlesex County to arrange for his presence. *See id*. A form was generated and was sent that same day. *See id*.

**IV. John Doe's pending charges prejudice his prospects for securing release from immigration detention, obtaining immigration relief, and returning to the United States if he is removed.**

24. On July 1, 2024, an Immigration Judge ("IJ") conducted a custody hearing in response to John Doe's request for release on bond from immigration detention. *See* Notice of Bond Hearing ("Exhibit 11"). ICE opposed his request, citing his pending criminal charges. The IJ denied John Doe's request for bond, determining him to be a "danger to the community," presumably due to his pending criminal charges. *See* Bond Denial Order ("Exhibit 12"). John Doe did not appeal this decision because he was representing himself *pro se* before he later obtained counsel.[1]

25. John Doe began his merits hearing on his applications for asylum, withholding of removal, and relief under the Convention Against Torture on November 22, 2024. *See* Exhibit 9. Due to the number of witnesses, the court has rescheduled the merits hearing for March 19, 2025. *See id*.

---

[1] The only way for a detainee to obtain a written justification for an IJ's bond denial is to file an appeal; upon the filing of such appeal, the IJ writes a bond memorandum justifying the earlier bond denial. Immigration Court Practice Manual § 9.3(e)(7), https://www.justice.gov/eoir/reference-materials/ic/chapter-9/3 ("Usually, the immigration judge's decision is rendered orally. Because bond hearings are generally not recorded, the decision is not transcribed. If either party appeals, the immigration judge prepares a written decision based on notes from the hearing."); *see also* Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011) (reasoning that due process requires a contemporaneous recording of a detainee's bond hearing and that the immigration judge's "[p]ost-hoc reconstruction is inadequate").

7

26. The ongoing pendency of John Doe's criminal charges all but guarantees that he will remain in ICE detention during the remainder of his immigration proceedings. However, if the factual circumstances concerning John Doe's pending charges change, such as by resolution of the charges, then John Doe would be entitled to return to the IJ for a new bond hearing based on materially changed circumstances. *See* 8 C.F.R. § 1003.19(e).

27. The pending charges will also prejudice John Doe in his removal proceedings. Asylum requires, among other things, a favorable exercise of discretion by the IJ. *See* 8 C.F.R. §1208.14(a); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 443-444 (1987). Therefore, pending charges can impair John Doe's eligibility for asylum. *See Rosa v. Garland*, 114 F.4th 1, 16-18 (1st Cir. 2024) (interpreting Board precedent to allow IJs to rely on a police report for pending charges as the sole basis for denying discretionary relief, but requiring IJs to analyze reliability of such reports and give them less weight if they are not corroborated).

28. In the Waltham District Court, John Doe intends to raise a claim that a language barrier impeded his understanding at the time of arrest. *See* Exhibit 10. Respondents' refusal to transport John Doe to his criminal proceedings deprives him of the opportunity to resolve his charges, thereby jeopardizing his ability to present a material change in circumstances relevant to the IJ's bond denial and prevail on his asylum claim. If John Doe cannot seek a new bond hearing under 8 C.F.R. § 1003.19(e), his immigration detention, which began on April 8, 2024, will likely continue for several more months. Although the IJ should likely render a decision on his applications for relief at the conclusion of his March 19 hearing, should either John Doe or the Department of Homeland Security appeal, an appeal to the Board of Immigration Appeals can require several additional months of detention. *See Reid v. Donelan*, 390 F. Supp. 3d 201, 212 (D. Mass. 2019), aff'd in part,

vacated in part, *Reid v. Donelan*, 17 F.4th 1 (1st Cir. 2021)(statistics generated for litigation regarding the length of time for immigration court proceedings and BIA appeals for immigration detainees in Boston show that the median appeal time at the BIA is four months); *see also Jennings v. Rodriguez*, 583 U.S. 281, 328 (2018) (Breyer, J., dissenting) ("The record shows that the Government detained some asylum seekers for 831 days (nearly 2 & half years), 512 days, 456 days, 421 days, 354 days, 319 days, 318 days, and 274 days—before they won their cases and received asylum."). If John Doe cannot secure asylum or other relief from removal, he will likely be ordered deported to Brazil.

29. The Waltham District Court issued a writ of habeas corpus on January 27, 2025 requiring John Doe's presence for his trial scheduled on April 10, 2025 and for the Sheriff of Middlesex County to arrange for his presence. *See* Exhibit 6. A form was generated and was sent that same day. *See id*.

30. The Waltham District Court cannot conduct a jury trial in the case against John Doe if he is not transported to the courthouse. If John Doe fails to appear for his scheduled trial date, the court may default him and issue a warrant. *See* Exhibit 10.

31. Furthermore, merely permitting John Doe to be present via Zoom for a jury trial is not an adequate or constitutionally permissible solution. As a threshold matter, only being present for trial via Zoom would violate John Doe's constitutional rights to due process and to be present at his own trial, to confront the witnesses against him, and – given the logistical problems that would prevent any meaningful, private communications with counsel over Zoom – his right to effective assistance of counsel. *See United States v. Fagan,* 464 F. Supp. 3d 427, 429 (1st Cir. 2020) (quoting *United States v. Bethea*, 888

F.3d 864, 867 (2018) ("Being physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference.").

32. Additionally, as the Massachusetts Supreme Judicial Court laid out in *Baez v. Commonwealth*, 494 Mass. 1001 (2024), under a standing order in force in the state District Court, "[a]ny ...court event not specifically listed in [the] Order is presumptively to be held in person." *Baez*, 494, Mass. at 1002 (citing Boston Municipal Court and District Court Joint Standing Order 2-22 § III (2022)). Although the standing order authorizes the judge to allow parties to appear virtually for certain pretrial hearings in criminal cases if "doing so would be consistent with constitutional rights and statutory requirements," it makes no such provision for criminal jury trials. *See id.*

33. If John Doe is not transported to the Waltham District Court in accordance with the pending writ, there is a grave risk that John Doe's rights will be violated, including his constitutional rights to due process, to a speedy trial, to have effective assistance of counsel, to be confronted with the witnesses against him, to be present at his own trial, and, if he so chooses, to testify at his own trial.  *See Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) (holding that "It is our responsibility under the Constitution to ensure that no criminal defendant--whether a citizen or not--is left to the 'mercies of incompetent counsel.').

34. If John Doe is ultimately removed from the U.S. while these charges are pending, he will have no opportunity to resolve the charges while abroad and he would face a 10-year-long bar to his return. *See* 8 U.S.C. § 1182(a)(9). Even if John Doe applies for a waiver of inadmissibility or becomes eligible at a later time to request admission to the

U.S., immigration or consular officials could exercise their discretion to deny John Doe such waiver or visa on the basis of his unresolved criminal case. And because John Doe's criminal trial cannot proceed in his absence, he may never be permitted to return.

## CLAIMS FOR RELIEF

### COUNT I - WRIT OF HABEAS CORPUS
*Ad Prosequendum* or *Ad Testificandum*

35. The foregoing allegations are re-alleged and incorporated herein.

36. The Waltham District Court requires John Doe's appearance on April 10, 2025.

37. The Waltham District Court has issued a writ of habeas corpus requiring that John Doe be transported to court on April 10, 2025.

38. On information and belief, neither ICE nor the Sheriff of Middlesex County will transport John Doe to court on April 10, 2025 unless this Court orders that such transportation occur by issuing a federal writ of habeas corpus *ad prosequendum,* or *ad testificandum,* or other order, in aid of the Waltham District Court's existing writs, including pursuant to 28 U.S.C. § 2241(c)(5). This Court is empowered to issue the writ in order to ensure the orderly operation of the criminal legal system, as the writ need not be premised on any violation of state or federal law by either state or federal authorities. *See, e.g.*, *Carbo v. United States*, 364 U.S. 611 (1961); *Muhammad v. Warden, Baltimore Cnty. Jail*, 849 F.2d 107, 114 (4th Cir. 1988).

### COUNT II - WRIT OF HABEAS CORPUS
**Detention without opportunity to respond to state charges**

39. The foregoing allegations are re-alleged and incorporated herein.

40. John Doe's detention at a state facility without the opportunity to respond to the pending

11

charges, in violation of a state court order, is unauthorized and unlawful.

41. John Doe's detention without the opportunity to respond to the pending charges is an unlawful deprivation of his constitutional rights, including his right to due process.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully asks this Court to grant the following relief:

1. An order prohibiting John Doe's transfer out of the district pending resolution of this petition;

2. A writ of habeas corpus *ad prosequendum*, or, alternatively, a writ of habeas corpus *ad testificandum*, or other order, requiring that Respondents transport John Doe to the Waltham District Court, in accordance with all writs and orders issued by that court, to appear on April 10, 2025;

3. A writ of habeas corpus *ad prosequendum*, or, alternatively, a writ of habeas corpus *ad testificandum*, or other order, requiring that Respondents transport John Doe to each and every hearing, trial, or other court date calendared by the Waltham District Court; and

4. Any further relief this Court deems just and proper.

Respectfully submitted this 20th day of February, 2025,

JOHN DOE,

By the undersigned counsel,

/s/ Mary Holper
Mary P. Holper, BBO # 601088
*Boston College Law School Immigration Clinic*
885 Centre Street
Newton, MA 02459-1148
Phone: 617-552-4573
Fax: 617-552-0593
mary.holper@bc.edu

<u>/s/ Patricia Rodican</u>
Patricia Rodican, *Student Attorney**
*Boston College Law School*
rodican@bc.edu

*Motion for admission under Local Rule 83.5.4, Practice By Law Students, is forthcoming.